UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

XAVIER SIMS,

        Petitioner,

   v.                                                                    Case No.: 5:25-cv-674-SPC-PRL

WARDEN, FCC COLEMAN-
MEDIUM,

        Respondent,

_____/

## OPINION AND ORDER

On October 27, 2025, Petitioner Xavier Sims filed petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he asserts that the Federal Bureau of Prisons (BOP) has failed to award him program-based time credits as codified in 18 U.S.C. § 3632. (Doc. 1). For relief, Sims seeks an order directing the BOP to apply credits towards his release and place him in a halfway house or home confinement. (*Id.* at 9). The Warden moves to dismiss the petition without prejudice due to Sims' failure to exhaust administrative remedies. (Doc. 8). Sims filed a reply asserting that exhaustion would be futile. (Doc. 9). Upon consideration, the petition is due to be dismissed for Sims' failure to exhaust his administrative remedies.

Under the First Step Act of 2018, Pub. L. No. 115-391, §§ 101–102, 132 Stat. 5194, eligible inmates who successfully complete certain evidence-based recidivism reduction programming or productive activities may receive time

credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). Calculating credits towards an inmate's sentence is an administrative function of the BOP, and federal regulations give prisoners administrative avenues to challenge the BOP's computation of their credits. *See* 28 C.F.R. §§ 542.10–542.19. The BOP has established the Administrative Remedy Program, which allows an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10.

Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). To properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act).

Here, Sims contends that such an attempt is futile. (Doc. 9 at 2). If such an exception is applicable, futility exceptions apply only in "extraordinary circumstances" and require the petitioner to bear "the burden of demonstrating the futility of administrative review." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.

2

1994).    On the record presented, Sims has failed to establish such extraordinary circumstances.

Exhaustion in the context of earned time credit calculation is especially important as the relief Sims seeks is not simply a matter of statutory construction. *See Villegas-Escobar v. Derr*, No. 22-cv-500, 2023 WL 1993936, at *4 (D. Haw. Feb. 14, 2023) ("[C]oncerns regarding exhaustion are particularly relevant to time credits under the First Step Act."). Instead, this case presents the need for an individualized review of the programming Sims has taken and the number of credits he has earned. Also, a prisoner's security level and the risk and needs assessment can change under various circumstances, including opting out of programming or violating prison rules. For these reasons, the BOP is in the best position to first address Sims's concerns through the administrative remedy process. *See id.*; *see also Garten v. Pistro*, No. 5:22-cv-218, 2023 WL 2090281, at *1 (N.D. Fla. Feb. 17, 2023) ("That is so because the Court can only resolve legal issues in the context of a discrete case, and unless and until BOP is given an opportunity to resolve the issue in the petitioning inmate's case, there is no ripe controversy for the Court to resolve.").

Thus, the petition is due to be dismissed without prejudice for Sims' failure to exhaust administrative remedies.[1]

Accordingly, it is now

**ORDERED:**

1. This above-captioned case is **DISMISSED without prejudice** for failure to exhaust administrative remedies**.**

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OCAP-2
Copies: All Parties of Record

---

[1] To the extent Sims asks the Court to order his placement in a halfway house or home confinement (Doc. 1 at 9), the Court has determined that such a claim relates to the conditions of his confinement and is not redressable through a habeas proceeding. *See Balsam v. Warden, Coleman - Low*, No. 5:24-cv-360-SPC-PRL, 2025 WL 2687234, at **4–5 (M.D. Fla. Sept. 19, 2025).